

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-20-2006

# Branham v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2190

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Branham v. Comm Social Security" (2006). *2006 Decisions.* Paper 725.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/725

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 05-2190

VIRGINIA BRANHAM,
Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

Appeal from the United States District Court
for the District of New Jersey
(Civ. No. 02-3574)
District Court: Hon. Dennis M. Cavanaugh

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 2, 2006

Before: McKEE, SMITH and VAN ANTWERPEN, Circuit Judges

(Opinion Filed: July 20, 2006)


OPINION

McKEE, Circuit Judge.

Virginia Branham appeals the district court's order affirming the final decision of

the Commissioner of Social Security that she was disabled as of September 18, 1998, and

therefore entitled to Supplemental Security Income ("SSI") benefits, but not disabled

prior to that date. For the reasons that follow, we will affirm.

1

# I.

Because we write primarily for the parties, we will recite the factual and procedural history of this case only insofar as it is helpful to our brief discussion. Branham filed an application for SSI benefits in July 1997. It was initially denied. She filed another application for SSI benefits in July 1998. It was also denied initially, and she failed to seek further administrative review of those applications.

Branham filed a third application for SSI benefits on August 2, 1999. In that application, she alleged disability since July 1, 1997. Her third application was also denied initially and on reconsideration. However, she requested a hearing, and a hearing was held on April 9, 2001. At that hearing, Branham requested that her July 1997 and July 1998 applications be reopened.

On January 14, 2001, the Administrative Law Judge issued a decision in which he found that Branham had been disabled since September 18, 1999, but not prior thereto, and denied her request to reopen the two prior applications. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Branham's request for review of the ALJ's decision. *Sims v. Apfel,* 530 U.S. 103, 107 (2000). Having exhausted her administrative remedies, Branham then filed a civil action in the district court seeking judicial review of that final decision.

The district court issued a Letter Opinion and Order on February 15, 2005. The district court did not address the Commissioner's argument that it was without

jurisdiction to review the ALJ's refusal to reopen Branham's July 1997 and July 1998 applications because there was no "final decision" by the Commissioner as set forth in 42 U.S.C. § 405(g). Nonetheless, the district court rejected Branham's arguments that the ALJ omitted sufficient supporting evidence in step three of his analysis; erred in finding that she did not have a severe impairment prior to September 1998; failed to give sufficient consideration to her complaints of pain; erred by not stating what her residual functional capacity entailed or how it was determined; and erred by failing to compare her past residual functional capacity with her current residual functional capacity. Accordingly, the district court affirmed the Commissioner's final decision that she was not eligible for SSI prior to September 18, 1998.

This appeal followed.

## II.

As recited earlier, in her August 2, 1999 application, Branham alleged disability since July 1, 1997. She now contends that the Commissioner's determination that she was not disabled prior to September 18, 1998, is not supported by substantial evidence. However, even if she is correct, we have nothing to review with regard to her August 2, 1999 application because she is not entitled to any further relief based on that application.

SSI benefits are not payable for the month in which the application was filed or any months prior to the month in which the application for such benefits is filed. 20

3

C.F.R. §§ 416.200, 416.330(a), 416.335. Accordingly, the earliest month Branham could receive SSI benefits based on her August 2, 1999 application is September 1999, even if the ALJ found her disabled as of July 1, 1997. Thus, the ALJ's decision was fully favorable to Branham insofar as her August 2, 1999 application for SSI benefits is concerned and she is entitled to nothing more than she has already received.

One matter remains. At the hearing, Branham requested that the ALJ reopen her June 1997 and June 1998 applications. In her appellate brief, Branham claims that the ALJ ignored her requests. Branham's Br. at 7-9. She is wrong. The ALJ found that the reopening of the two prior SSI applications was not justified since there was no new, material evidence. App. at 35.

To the extent that Branham argues that the refusal to reopen the two prior applications was error, we lack jurisdiction to review that refusal. Judicial review of final decisions on claims arising under Title II or Title XVI of the Social Security Act is provided for and limited by §§ 205(g) and (h) of the Act, 42 U.S.C. §§ 405(g) and (h), applicable to SSI cases by 42 U.S.C. § 1383(c)(3). Under the Act, the authority to determine what constitutes a "final decision" ordinarily rests with the Commissioner. *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976). The Commissioner's regulations provide that a "final decision" which is subject to judicial review is available only when a claimant has received an "initial determination," and has pursued that determination through the administrative appellate process. *See* 20 C.F.R. § 416.1400(a). The

4

regulations define an "initial determination" as "a determination made by [the Social Security Administration] about entitlement or continuing entitlement to benefits, or about any matter discussed in section 416.1402 that gives you a right to further review." 20 C.F.R. § 416.1400(a)(1). The regulations also list those administrative actions which are not "initial determinations," and specifically provide that the denial of a request to reopen a decision is not an "initial determination." 20 C.F.R. § 416.1403(a)(5). Therefore, because the ALJ's refusal to reopen is not an "initial determination," it does not constitute a "final decision" for purposes of judicial review.

## III.

For all of the above reasons, we will affirm the district court.